IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19-CR-164 |
| vs. | MEMORANDUM AND ORDER |
| BILLY FANG, | |
| Defendant. | |

The defendant has filed a *pro se* motion (filing 145) for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a defendant (after exhausting his administrative remedies) to move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. § 3582(c)(1)(A)(i). And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.

The Court finds that the defendant has sufficiently alleged exhaustion of his administrative remedies by presenting a request for compassionate release to the warden of his institution on July 28, 2020. Filing 145 at 2; *see United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *2 (D. Neb. May 26, 2020). But the defendant has not shown extraordinary and compelling reasons to reduce his sentence. The defendant has identified no factors, such as preexisting health conditions, that place him at particular risk for COVID-19. *See* filing 145. There is, in other words, little to distinguish him from any

other federal prisoner—so he has not alleged reasons for a sentence reduction that are "extraordinary and compelling."

Additionally, even if the defendant had a preexisting comorbidity for COVID-19, the § 3553(a) factors bar his release. The defendant was sentenced just 6 months ago to 120 months' imprisonment. Filing 137. And he earned that sentence by conspiring to distribute large quantities of three different controlled substances. *See* filing 139 at 8. The Court is not convinced, considering the nature and circumstances of the offense, that reducing the defendant's sentence at this point would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public. *See* § 3553(a). Accordingly,

IT IS ORDERED that the defendant's motion for compassionate release (filing 145) is denied.

Dated this 25th day of September, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge